IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

Vs.                            No.  06-40092-01-SAC

VALENTIN CASTRO-SANCHEZ,

        Defendant.

MEMORANDUM AND ORDER

The defendant pleaded guilty to one count of illegal entry by an aggravated felon.  The presentence report ("PSR") recommends a Guideline sentencing range of 30 to 37 months from a criminal history category of five and a total offense level of 13 (a base offense level of 8 pursuant to U.S.S.G. § 2L1.2(a), plus an 8-level increase for a prior aggravated felony conviction pursuant to U.S.S.G. § 2L1.2(b)(1)(C), and a three-level decrease for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1).  The addendum to the PSR reflects the defendant has one unresolved objection.  The defendant has filed a sentencing memorandum asking for a sentence of 12 months and one day based on personal characteristics, in particular his trade, work and family; on his assimilation as evidenced by the open use of his proper name, his otherwise lawful life,

work and family; and on a criminal history category that over-represents the seriousness of his criminal past.

The defendant objects to the two criminal history points given for committing the instant offense while on probation for driving under the influence as described in ¶¶ 35 and 38 of the PSR.   The defendant objects that the term of probation for this prior conviction ended on February 27, 2004, and that the instant offense, as charged in the indictment and pled to by the defendant, was committed over two years later on June 25, 2006.

In calculating the criminal history category, the Guidelines provide for two additional points "if the defendant committed the instant offense while under any criminal justice sentence, including probation." U.S.S.G. § 4A1.1(d).  The commentary clarifies that defendant's commission of the instant offense includes "any part of the instant offense (*i.e.*, any relevant conduct)."  U.S.S.G. § 4A1.1, comment. (n.4).  For these two criminal history points to be applicable, the court must find that the defendant committed any part of the instant offense of illegal entry by February 27, 2004, the expiration date of the defendant's term of probation.

The indictment to which the defendant pleaded guilty charges

2

the defendant was knowingly and unlawfully "present" in the United States

on or about June 25, 2005, in violation of 8 U.S.C. § 1326(a) which makes

it an offense if the previously deported alien "is at any time found in, the

United States," without having obtained the Attorney General's advance

consent.  The charge and the defendant's plea do not preclude a finding

that the defendant committed part of the offense before June 25, 2005,:

> Although the offense of illegal reentry may been completed on that
> date, *see United States v. Rosales-Garay*, 283 F.3d 1200, 1202-03
> (10th Cir. 2002)[, *cert. denied*, 536 U.S. 934 (2002)], the district court
> was not foreclosed from finding that Defendant's commission of the
> offense began at an earlier point.  "[A] previously deported alien who
> illegally enters and remains in the United States can violate the
> statute at three different points in time, namely, when the alien (1)
> 'enters,' (2) 'attempts to enter,' or (3) is at any time 'found in' the
> United States."  *Id*. at 1202.  In the case of a surreptitious reentry like
> Defendant's, "the 'found in' offense is first committed at the time of
> reentry and continues to the time when the defendant is arrested for
> the offense."  *United States v. Lopez-Flores*, 275 F.3d 661, 663 (7th
> Cir. 2001) (collecting cases); *accord United States v. Mendez-Cruz*,
> 329 F.3d 885, 889 (D.C. Cir. 2003). Moreover, the guideline
> commentary states that criminal history points should be added under
> § 4A1.1(e) "if the defendant committed *any part of the instant offense*
> ( i.e., any relevant conduct) less than two years following release
> from confinement" for a countable prior offense.  U.S.S.G. § 4A1.1,
> comment. (n.5) (emphasis added). Reentry prior to being "found"
> clearly constituted a "part" of Defendant's offense.

*United States v. Ruiz-Gea*, 340 F.3d 1181, 1189 (10th Cir. 2003).  Thus,

the defendant's earlier reentry into the United States before the proper

authorities detected his presence constitutes a part of the defendant's

3

instant offense of conviction.

The defendant does not dispute the following dates that appear in the PSR.  The defendant was last deported on February 26, 2002.  The defendant must have reentered the United States prior to February 27, 2003, as he was sentenced on that date for driving under influence in the District Court of Douglas County, Nebraska.  He also was arrested on April 11, 2003, in Omaha, Nebraska, for furnishing alcohol to a minor, and was sentenced for this offense on May 16, 2003.  Nor does the defendant assert or attempt to show that after those dates in 2003 he left the United States and then reentered.  The court finds from these uncontested facts a preponderance of evidence that the defendant committed the instant offense prior to February 27, 2004, and while he was on probation for the offense summarized in ¶ 35 of the PSR.  The defendant's objection to the two additional criminal history points assessed pursuant to U.S.S.G. § 4A1.1(d) is overruled.

The court shall consider the departure grounds and § 3553(a) factors raised in the defendant's memorandum at the sentencing hearing which will afford both sides an opportunity to inform the court of their mutual and respective positions on those matters.

IT IS THEREFORE ORDERED that the defendant's objection to the PSR is overruled.

Dated this 7th day of December, 2006, Topeka, Kansas.


s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge